## JIM GORDON v. STATE.

No. A-5805. Opinion Filed March 14, 1927.
(253 Pac. 1036.)

J. G. Ralls, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Atoka county, on the 25th day of March, 1925, Jim Gordon did "have in his possession certain intoxicating liquor, to wit, 2½ gallons of Choctaw beer," with the unlawful intent to sell the same, he was convicted, the jury leaving to the court the punishment to be assessed. In due course a motion for new trial was interposed in his behalf and denied, whereupon judgment was pronounced and he was sentenced to 60 days in jail and to pay a fine of $50.

Appellant's chief contention is that the verdict is not sustained by the evidence.

Tom Kilmer, city marshal of Atoka, testified that he found a drunken Indian, Adams Lawrence, in the south part of town and asked him where he got his drink, and over appellant's objections answered, "At Jim Gordon's;" that he came back and found Jim Gordon in the bed of the creek; that Tom Pemberton was with him; that neither one of them had a search warrant; that he found the Choc beer 40 or 50 feet from Jim Gordon, and something like 100 yards from Jim Gordon's house. Over the defendant's objections he testified that the reputation of the place about the house as being a place where intoxicating liquors were being sold was bad.

On cross-examination he stated that the beer was

not in the same creek that the defendant was lying in, that it was in a little branch, and to get from where he found the defendant to where the beer was you had to cross and go under a fence; that the beer was not on the premises of the defendant; that there were five houses around there close together, three of the houses occupied by colored people.

Tom Pemberton testified that they found the defendant in a ravine, about 100 yards from his house, and they found the Choctaw beer about 50 feet away from him; that the reputation of the place as being a place where intoxicating liquors were sold was bad; that he never saw the defendant in possession of any of the beer; that the defendant stated that the beer was not his.

O. P. Ray, Jr., sheriff, testified that he was acquainted with the reputation of the place where the defendant lived as being a place where intoxicating liquors were sold, and that reputation was bad, but that there was one other place there that had a bad reputation.

At the close of the evidence for the state, the defendant moved the court to direct the jury to return a verdict of not guilty, which was overruled and exception saved.

As a witness in his own behalf the defendant testified that he had been up all the previous night, at the K. P. Hall; that there is a baby at the house; that every time he got to sleep she would jump on him and wake him up, so he went down to the creek bed and laid down; that he did not have any beer that day; that he saw the beer that was found, and it was not his beer; that he had never seen the beer before; that he did not see Lawrence, the drunken Indian referred to by the witness Kilmer, that day; that he did not own the place

where the beer was found, and that it was not on his premises.

The insufficiency of the evidence to support the verdict is apparent. There is no evidence tending to prove possession by the defendant of the Choctaw beer in question, and the evidence is wholly insufficient to show that the same was intoxicating liquor or liquid containing more than one-half of 1 per cent. of alcohol, measured by volume. This conclusion renders it unnecessary to consider the other questions in the case.

Because there was no competent evidence tending to show that the offense charged had been committed, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.